UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TRAVELERS PROPERTY CASUALTY
COMPANY,

    Plaintiff,

v.                                                Case No. 05-71497

HILLERICH & BRADSBY, CO.,
INC.,                                         HONORABLE AVERN COHN

    Defendant.
_____/

**MEMORANDUM AND ORDER GRANTING DEFENDANT'S MOTION TO TRANSFER**

I.  Introduction

This is an insurance coverage dispute. Plaintiff Travelers Indemnity Company of Illinois (Travelers) is suing defendant Hillerich & Bradsby, Co. (H&B)[1] seeking a declaration of rights under a series of insurance policies issued by Travelers to H&B. Specifically, Travelers paid some of the defense costs, under reservation, associated with a case in this district, Baum Research and Development Co., Inc. v. H&B et al, 98-72946 (the Baum lawsuit) including monies to settle the dispute as to H&B. Travelers now seeks a declaration of rights as to what coverage was available under the policies as to the claims asserted in the Baum litigation.

Before the Court is H&B's motion to dismiss for improper venue, or in the alternative, to transfer the case to the Western District of Kentucky. For the reasons

---

[1]Travelers also sued Baum Research and Development Co., Inc. and Steve Baum, who filed a motion to dismiss. Travelers later stipulated to dismiss them from the case. See Order filed September 1, 2005.

that follow, the motion is GRANTED.  This case is TRANSFERRED to the Western District of Kentucky.

## II.  Background

H&B is insured under several commercial and general liability policies issued by Travelers.  Among other things, the policies provide coverage for "advertising injury" and "personal injury."  As these terms are defined in the policies, they include "oral and written publication of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services."

H&B was one of multiple defendants in the Baum lawsuit.  In the Second Amended and Supplemental Complaint, the Baum defendants asserted a claim of interference with business relationships and prospective economic advantage.  Baum specifically alleged that "The Big Three [including H&B] disparaged the Baum Bat and Hitting Machine."  See ¶ 5.  Several other paragraphs of the complaint contain similar allegations which H&B says also triggered coverage under the policies.  See ¶¶ 1, 3, 5, 31, 38, 45, 73, 75, 81, 85, 90, 113, 115, 119, 137, 142.

Travelers paid for some of the defense costs in relation to the Baum lawsuit based on the allegations of "advertising injury" and "personal injury."  Travelers also paid money on behalf of H&B to settle the lawsuit.  Travelers now seeks a declaration of non-coverage and return of the monies paid in settlement.  H&B says that the Baum lawsuit falls within the scope of coverage under the policies.

## III.  Motion to Dismiss

### A.  Improper Venue

H&B first argues that venue is improper in the Eastern District of Michigan and, therefore, the case should be dismissed. Under 28 U.S.C. § 1391(a):

> A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in
>
> (1) a judicial district where any defendant resides, if all defendants reside in the same State,
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or
> (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

H&B is a Kentucky corporation with its principal place of business in Kentucky, doing business in the state of Michigan. The residence of a corporation, for venue purposes, is the judicial district where it is incorporated, or licensed to do business, or is doing business. 28 U.S.C. § 1391(c). H&B does business in Michigan and is clearly subject to personal jurisdiction in this district. Thus, venue is proper in this district.

B.  Transfer Venue

1.

In the alternative, H&B moves to transfer venue to the Western District of Kentucky under 28 U.S.C. § 1404(a), which permits a district court to transfer "any civil action to any other district or division where it might have been brought." It is well settled that the district courts have wide discretion to transfer an action to a different district or division, where it might have been brought, for the convenience of the parties and witnesses, in the interests of justice, pursuant to 28 U.S.C. § 1404(a). Norwood v. Kirkpatrick, 349 U.S. 29, 32 (1955). See Phelps v. McClellan, 30 F.3d 658, 663 (6th Cir.

1994) (stating that a district court "has broad discretion to grant or deny a motion to transfer [a] case" and quoting Cote v. Wadel, 796 F.2d 981, 985 (7th Cir. 1986)).  The Court gives deference to the Plaintiff's choice of forum, and "unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." Stewart v. Dow Chemical Co., 865 F.2d 103, 106 (6th Cir. 1989) (quoting Gulf Oil Co. v. Gilbert, 330 U.S. 501, 508-09, 67 S.Ct. 839, 843, 91 L.Ed. 1055 (1947)).

To transfer an action under 28 U.S.C. 1404(a) the following criteria must be met: (1) the action could have been brought in the transferee district court; (2) a transfer serves in the interest of justice; and (3) transfer is in the convenience of the witnesses and parties.  International Show Car Ass'n v. ASCAP, 806 F. Supp. 1308, 1310 (E.D. Mich. 1992).  The following factors must also be considered:  (1) the convenience of the parties; (2) the convenience of the witnesses; (3) the relative ease of access to sources of proof; (4) the availability of process to compel attendance of unwilling witnesses; (5) the cost of obtaining willing witnesses; (6) the practical problems associated with trying the case most expeditiously and inexpensively; and (7) the interest of justice.  Id. at 1310 (citations omitted); Helder v. Hitachi Power Tools, 764 F. Supp. 93, 96 (E.D. Mich. 1991).  In short, the Court may consider any factor that may make any eventual trial "easy, expeditious, and inexpensive." Gulf Oil, 330 U.S. 501 (1947).

2.

H&B says that a transfer to the Western District of Kentucky is warranted because: (1) this action could have been brought in Kentucky; (2) the material events occurred in Kentucky; (3) material party and non-party witnesses are located in Kentucky; (4) the public interest weighs in favor of transfer because the insurance

4

policies are governed by Kentucky law; and (5) the interests of justice are served by a transfer.

Travelers says that the case should not be transferred because (1) H&B has not identified any hardships to overcome its choice of forum, (3) plaintiff's counsel is located in this district, (3) there are no witnesses needed to interpret the unambiguous language of the insurance policies, (4) the dispute concerns the application of the policies to the Baum litigation as it developed on the Court's docket – the circumstances surrounding the negotiations of the policies is not at issue. Thus, because the Court is most familiar with the Baum litigation, Travelers says that judicial economy favors venue in this district.

2.

As an initial matter, the fact that Traveler's counsel is located in this district is not relevant. Convenience of counsel is not a factor in determining venue. See Hite v. Norwegian Carribean Lines, 551 F. Supp. 390, 395 (E.D. Mich. 1982).

As to the material events and location of witnesses, H&B points out that the policies were negotiated, purchased, and issued in Kentucky. Travelers, however, says that the material events for purposes of determining coverage are the events in the Baum litigation, which occurred in this district. As the Court noted at the hearing on September 7, 2005, the events of the Baum litigation are contained in the record, which merely requires a paper review. While Travelers says that Steve Baum and his counsel, both located in Michigan, could be called as witnesses to explain the underlying events in the Baum litigation, it is certainly not clear whether their testimony would be relevant to the coverage issue in light of the record.

Moreover, there is the likelihood to argue that under Kentucky law, the subjective expectations of the parties have a bearing on the coverage issue. See James Graham Brown Foundation, v. St. Paul Fire & Marine Ins. Co., 814 S.W. 2d 271 (Ky. 1991). H&B says that it will call several witnesses to address this issue, all of whom are located in Kentucky. While Travelers says that Brown is only relevant in the event that the policy language is ambiguous, which it says it is not, whether or not an ambiguity exists is not an issue at this time. That issue will be determined under Kentucky law. The fact that the real potential exists under Kentucky law for calling Kentucky witnesses weighs in favor of transfer.

In short, the only link to this venue is the fact that underlying claim arose in a case on the docket of this Court and Traveler's counsel is located in this district. Under the circumstances, these facts are not sufficient to keep the case in this district.

SO ORDERED.

    s/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated:  September 12, 2005

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, September 12, 2005, by electronic and/or ordinary mail.

    S/Julie Owens
Case Manager
(313) 234-5160

6